4,886 gallons. In protest 116457–K, entry WH 1973, duty was assessed upon the basis of 10,265.67 gallons, and the internal revenue tax was assessed upon the basis of 9,509.7 gallons. In protest 117748–K, entry WH 2218, duty was assessed upon the basis of 5,661.27 gallons, and the internal revenue tax was assessed upon the basis of 5,611.4 gallons.

In view of the amendment of paragraph 813 of the Tariff Act of 1930 by the act of June 8, 1948, Public Law 612, wherein duties were imposed upon alcoholic beverages only upon such quantities as are subject to the imposition of internal revenue taxes, and made to apply to alcoholic beverages upon which the decision as to the dutiable quantity had not become final by reason of section 514, Tariff Act of 1930, and for the reasons stated in our decision in the case of *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155, we hold that duty is assessable only upon the quantities subject to the final assessment of internal revenue taxes as shown above.

Judgment will therefore be entered in favor of the plaintiffs directing the collector to reliquidate the entries, in accordance with the provisions of Public Law 612, and refund all duties taken upon quantities in excess of the quantities upon which internal revenue taxes were finally assessed.

BEFORE THE SECOND DIVISION, APRIL 3, 1952

**No. 56529.**—The American Import Co. et al. *v.* United States, protests 818632–G, etc. (Seattle).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of so-called "artificial gut or artificial tegusu," in chief value of silk, the same in all material respects as the merchandise the classification of which was involved in *Geo. S. Bush & Co., Inc.* v. *United States* (34 C. C. P. A. 17, C. A. D. 338), the claim of the plaintiffs was sustained.

**No. 56530.**—Samuel S. Perry *v.* United States, protests 967998–G and 977656–G (Seattle).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of so-called "artificial gut or artificial tegusu," in chief value of silk, the same in all material respects as the merchandise the classification of which was involved in *Geo. S. Bush & Co., Inc.* v. *United States* (34 C. C. P. A. 17, C. A. D. 338), the claim of the plaintiff was sustained.

**No. 56531.**—Frederick Miller *v.* United States, protests 147631–K and 177860–K (New York).